LEE G. WERNER, ESQ. (SBN 84744)
WERNER LAW FIRM
18200 Von Karman Ave., Suite 900
Irvine, California  92612
Phone:  (949) 553-1328
Fax:      (949) 553-8454
leegwerner@gmail.com

ATTORNEYS FOR INDIVIDUAL AND
REPRESENTATIVE PLAINTIFFS PERRY JOHNSON,
LAYNE BUTLER, AND PUTATIVE CLASS PLAINTIFFS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY JOHNSON and LAYNE BUTLER, on behalf of a class of similarly situated individuals and themselves individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case Number: **'13CV2445 BTM DHB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CREDIT CARD CONSUMER PROTECTION LAWS** |

PLAINTIFFS PERRY JOHNSON AND LAYNE BUTLER on behalf of themselves and all others similarly situated current and former customers of DEFENDANT ASHLEY FURNITURE INDUSTRIES, INC., hereby complain and allege as follows:

//

//

//

# INTRODUCTION

1. DEFENDANT ASHLEY FURNITURE INDUSTRIES, INC. is a retail seller of furniture and other home furnishings throughout the United States by and through numerous retail stores. When customers use a credit card or debit card to purchase products sold by Defendant at one of its retail stores, Defendant's employees obtain and record personal identification information from customers in the form of their phone number, address, and/or zip code in conjunction with credit card and debit card transactions. Defendant obtains this information from customers as a matter of policy and regular practice, which is unlawful in the States of California and New York, in which States Defendant conducts business through various retail stores.

2. More specifically, such practices are unlawful pursuant to the following laws: In California, under the Song-Beverly Credit Card Act (Civil Code § 1747.08, *et seq.*; and in New York, under New York General Business Law (GBL) § 520-a(3).

3. Under the laws of these respective States, retailers are prohibited from requesting, obtaining, and recording the personal identification information of customers when using a credit card or debit card in connection with retail purchase transactions. For each violation, an aggrieved customer is entitled to the following damages payable by the offending retailer: in California, up to one thousand dollars ($1,000) per transaction; and in New York, up to one thousand dollars ($1,000) per transaction.

4. In obtaining such personal identification information of customers who purchase products in Defendant's stores, Defendant has violated the law and is engaged in unlawful business practices. Each customer from whom Defendant obtained personal identification information is thus entitled to statutory damages, as denoted above, for each transaction during which the customer's phone number, address, and/or zip code was requested and obtained by Defendant when using a credit card or debit card to buy products in Defendant's stores.

5. This lawsuit seeks both monetary and equitable relief for customers aggrieved by Defendant's unlawful business practices, including injunctive relief enjoining Defendant from continuing those very business practices.

//

## PARTIES

6.      *Representative and Individual Plaintiffs:*  Plaintiff Perry Johnson is a resident of Orange County, in the State of California; and Plaintiff Layne Butler is a resident of Onondaga County, in the State of New York.  (Hereinafter, such Plaintiffs will be collectively referred to as "Representative Plaintiffs" or "Named Plaintiffs".)

7.      *Putative Class Plaintiffs:*  The putative Class Plaintiffs are comprised of all persons in California and New York from whom Defendant requested, obtained and recorded personal identification information in conjunction with a credit card and debit card transaction within the relevant time period preceding the filing of this Complaint through the present (hereinafter, putative "Classes" or "Plaintiffs").

8.      *Defendant Ashley Furniture Industries, Inc.:* Plaintiffs are informed and believe, and thereon allege, that DEFENDANT ASHLEY FURNITURE INDUSTRIES, INC. is and was, at all times relevant herein, a Wisconsin corporation, engaged in business in the State of California within this Judicial District (hereinafter, "Defendant" or "ASHLEY FURNITURE").  As Plaintiffs are informed and believe, Defendant's United States corporate headquarters is located in the City of Arcadia, in the State of Wisconsin.  Plaintiffs are further informed and believe, and thereon allege, that Defendant is and was, at all times relevant herein, qualified to transact and conduct business in the State of California, and did and does transact and conduct business in the State of California.  More particularly, throughout the State of California, Defendant has maintained and/or maintains retail furniture stores, operates its businesses, employs individuals, and conducts business.  Defendant transacts and conducts its business within this Judicial District by and through its retail stores located in San Diego County and is thus subject to jurisdiction within this Judicial District.  Plaintiffs are informed and believe that Defendant also maintains and/or has maintained numerous retail furniture stores in other States and regions throughout the United States.

9.      *Does 1 through 25:*  Plaintiffs are unaware of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs believe each fictitiously sued Defendant was in some way responsible for the acts alleged in the Complaint.  Plaintiffs are informed and believe, and thereon

1 | allege, that ASHLEY FURNITURE and DOES 1 through 25, inclusive, are and were each the agent, servant, and employee of one another, and to the extent of doing the acts alleged herein, each acted within the course and scope of said agency or employment.  Plaintiffs will seek leave of Court to amend this Complaint to allege their true names and capacities when ascertained.

10. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, each Defendant was an agent or joint venturer of the other Defendant, and in doing the acts alleged herein, was acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of the other Defendant, and ratified, approved, joined in, acquiesced, and/or authorized the wrongful acts of the other Defendant, and/or retained the benefits of said wrongful acts.

11. Furthermore, as Plaintiffs are informed and believe, each Defendant aided, abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching obligations to the Representative Plaintiff and putative Class Plaintiffs, as alleged herein.  In taking action to aid, abet, encourage, and substantially assist the commissions of these wrongful acts and other wrongdoings complained of herein, each Defendant acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goal, and wrongdoing.

## JURISDICTION AND VENUE

12. The jurisdiction of this Honorable Court is invoked pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332 (d), conferring exclusive federal jurisdiction over class actions where, as here, "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and the aggregated amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2) and (6).  The Court also has personal jurisdiction over the parties because Plaintiffs submit to the jurisdiction of the Court and Defendant systematically and continually conducts business here and throughout the United States, including by selling and marketing its products throughout the States of California and New York.

//

13.     Venue is proper within the United States District Court for the Southern District of California, under 28 U.S.C. §1391, because Defendant has retail stores, transacts business, and is found within San Diego County.  Furthermore, numerous transactions have occurred, and continue to occur, within this Judicial District.

### GENERAL ALLEGATIONS

14.     In March 2013, Plaintiff Perry Johnson visited the ASHLEY FURNITURE store located in San Marcos, when he purchased products from Defendant.  In October 2013, Plaintiff Layne Butler visited the ASHLEY FURNITURE store located in Syracuse, New York to purchase products from Defendant.

15.     Plaintiffs entered the respective ASHLEY FURNITURE stores they were visiting and selected certain products which they intended to purchase.  Plaintiffs then went to pay for the selected merchandise using their credit card or debit card.  Upon approaching Defendant's employees to purchase their selected items, Defendant's employee asked each Plaintiff for personal identification information in the form of their telephone number, address, and/or zip code.  Believing they were required to provide the requested information to complete the transaction, Plaintiffs provided Defendant's employee with the requested information.  Defendant's employee then recorded Plaintiffs' personal identification information in their point of sale system and completed the transaction.

16.     At the end of the transaction, Defendant had thus obtained and recorded Plaintiffs' credit card or debit card number and personal identification information, to wit, their name, address, phone number and/or zip code, in the same database.

17.     Defendant now maintains Plaintiffs' personal identification information in its own database, and uses that database for marketing purposes.  As Plaintiffs are informed and believe, Defendant may have also sold or be selling the customer information it has compiled to other companies.

//

//

## CLASS ALLEGATIONS

18. Plaintiffs bring this action on their own behalf, and on behalf of all persons similarly situated pursuant to Federal Rules of Civil Procedure, Rule 23(b). As such, this lawsuit is filed on behalf of an ascertainable nationwide class comprised of the Subclasses identified below of all persons located in California and New York from whom Defendant obtained and recorded personal identification information in conjunction with a credit card or debit card transaction during the relevant time period preceding the filing of this Complaint through the present. The putative Class *excludes* Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities. The putative Class also *excludes*: (i) individuals who engaged in transactions with Defendant in which their personal contact information was required for a special purpose incidental but related to the individual credit card or debit transaction, including information related to shipping, delivery, servicing or installation of the purchased merchandise, or for special orders; and (ii) individuals who engaged in a transaction with Defendant using a credit card or debit card issued to a business.

19. This Class Action includes the following Subclasses:

   A. <u>California Subclass</u> – This Subclass consists of all individuals who reside in the State of California from whom Defendant obtained and recorded personal identification information in conjunction with a credit card or debit card transaction during the one year time period preceding the filing of this lawsuit, in violation of California law; and

   B. <u>New York Subclass</u> – This Subclass consists of all individuals who reside in the State of New York from whom Defendant obtained and recorded personal identification information in conjunction with a credit card or debit card transaction during the one year time period preceding the filing of this lawsuit, in violation of New York law.

//
//

20.   This action is appropriately suited for a Class Action for the following reasons:

    A. The members of the putative Class and Subclasses thereof are so numerous that joinder of all members is impracticable.  While the exact number of potential Class members is unknown to Plaintiffs at this time, since this information is in Defendant's exclusive control, such information can be ascertained through appropriate discovery from records maintained by Defendant and its agents.

    B. A Class Action is superior to other available methods for fair and efficient adjudication of this controversy because the likelihood of individual Class members prosecuting separate claims is remote and the individual Class members do not have a significant interest in individually controlling the prosecution of separate actions.

    C. There is a well-defined community of interest among the members of the putative Class and Subclasses thereof because common questions of law and fact predominate.  Given that the Representative Plaintiffs' claims are typical of the members of the putative Class, the Representative Plaintiffs can fairly and adequately represent the interest of such putative Class.

    D. Common questions of law and fact exist as to all members of the putative Class and Subclasses thereof which predominate over any questions solely affecting individual members of the Class, given that the putative Class members have suffered the same injury; determination of the truth or falsity of the common questions will therefore resolve central issues that affect the entire Class.  Such common questions include, *inter alia*, the following:

        (1) Whether each putative Class member engaged in a credit card or debit card transaction with Defendant;

//
//

(2) Whether Defendant obtained and recorded personal identification of the credit or debit cardholder during credit card or debit transactions with putative Class members;

(3) Whether Defendant's conduct in obtaining personal identification information during credit card or debit card transactions and recording such personal identification information of the cardholder violates the consumer protection laws of the State in which that transaction occurred;

(4) What relief are Plaintiffs and the putative Class members entitled to and what is the proper measure thereof; and

(5) Whether Plaintiffs and the putative Class members are entitled to injunctive relief, enjoining Defendant from continuing to engage in such unlawful conduct.

E. The Representative Plaintiffs can fairly and adequately represent the interests of the putative Class. The Representative Plaintiffs have no conflicts of interest with other putative Class members, and have retained counsel competent and experienced in complex civil litigation.

### FIRST CAUSE OF ACTION

*– Violation of Credit Card / Debit Card Consumer Protection Laws –*

21. Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in each preceding paragraph above.

22. California Civil Code § 1747.08 and New York GBL § 520-a prohibit, *inter alia*, any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records. This prohibition applies to debit cards as well.

23. ASHLEY FURNITURE is a corporation that accepts credit cards and debit cards for the transaction of business.

//

24. Pursuant to policy and practice, Defendant captures personal identification information in the form of a credit or debit cardholder's telephone number, address, and/or zip code whenever customers purchase products at Defendant's retail stores (hereinafter referred to as "*personal information capture policy*").

25. During at least the one year period preceding the filing of this Complaint, Defendant has implemented and utilized, and continues to implement and utilize, this *personal information capture policy.* As such, pursuant to this policy, Defendant's cashiers and/or sales employees request, obtain, and record telephone numbers, addresses, and/or zip codes, along with credit card and/or debit card numbers from customers using credit cards or debit cards for the purchase of products in Defendant's retail stores throughout California and New York, in violation of the prohibitions of the statutes identified above.

26. It was and remains Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to individuals who purchase products in ASHLEY FURNITURE stores in the States of California and New York while using a credit card or debit card.

27. As a result of Defendant's violations as set forth herein, Plaintiffs are entitled to civil penalties in amounts up to one thousand dollars ($1,000) per violation pursuant to California Civil Code §1747.08(e) for the California Subclass, and up to one thousand dollars ($1,000) per violation pursuant to New York GBL § 520-a(5) for the New York Subclass.

28. WHEREFORE, Plaintiffs seek relief as requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1. Certification of the Class and any Subclasses the Court deems appropriate, appointment of Plaintiffs as class representatives, and Plaintiffs' counsel of record as Class Counsel;

2. For an award of civil penalties and/or civil fines as allowed pursuant to statutory authority and other applicable law;

//

3. For issuance of temporary, preliminary and permanent injunctive relief enjoining Defendant from engaging in the above-described unlawful conduct, and/or other remedial or equitable relief;

4. For attorneys' fees as allowed by statute or as otherwise authorized by law, including as authorized under the "common fund" doctrine and/or "substantial benefit" doctrine;

5. For declaratory relief regarding the liability of Defendant;

6. For nominal damages;

7. For pre-judgment and post-judgment interest, as allowable at the maximum legal rate;

8. For a declaration of financial responsibility on the part of Defendant for the costs of class notification; and

9. For such other and further relief as this Honorable Court deems just and proper.

Dated: October 10, 2013     WERNER LAW FIRM

By: s/ Lee G. Werner
LEE G. WERNER
ATTORNEYS FOR INDIVIDUAL AND
REPRESENTATIVE PLAINTIFFS
AND PUTATIVE CLASS PLAINTIFFS

WERNER LAW FIRM

JOHNSON, ET AL. VS ASHLEY FURNITURE INDUS., INC.     10     CLASS ACTION COMPLAINT FOR VIOLATIONS OF CREDIT CARD CONSUMER PROTECTION LAWS