1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2   Including Professional Corporations
   PHILLIP A. DAVIS, Cal. Bar No. 110430
3   pdavis@sheppardmullin.com
   ROBIN A. ACHEN, Cal. Bar No. 287033
4   rachen@sheppardmullin.com
   333 South Hope Street, 43rd Floor
5  Los Angeles, California 90071-1422
   Telephone: 213.620.1780
6  Facsimile:  213.620.1398

7  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
8   Including Professional Corporations
   JOHN C. DINEEN, Cal. Bar No. 222095
9   jdineen@sheppardmullin.com
   501 West Broadway, 19th Floor
10 San Diego, California 92101-3598
   Telephone: 619.338.6500
11 Facsimile:  619.234.3815

12 Attorneys for Defendant
   ASHLEY FURNITURE INDUSTRIES, INC.
13

14              UNITED STATES DISTRICT COURT

15              SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17 PERRY JOHNSON and LAYNE BUTLER, on behalf of a class of similarly situated individuals and themselves individually,<br><br>Plaintiffs,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 13-cv-2445 BTM (DHB)<br><br>CLASS ACTION<br><br>**DEFENDANT ASHLEY FURNITURE INDUSTRIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE**<br><br>Fed. R. Civ. Proc. 12(b), 12(f)<br><br>Date: March 7, 2014<br>Time: 11:00 a.m.<br>Courtroom: 15B (Annex)<br><br>The Hon. Barry T. Moskowitz |

26
27
28

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2

3    PLEASE TAKE NOTICE THAT on March 7, 2014 at 11:00 a.m., or as soon
4    thereafter as counsel may be heard in Courtroom 15B of the above-captioned Court,
5    located at 333 West Broadway, San Diego, California 92101, defendant Ashley
6    Furniture Industries, Inc. ("Ashley") will and hereby does move to dismiss and
7    strike portions of the complaint filed by plaintiffs Perry Johnson ("Johnson") and
8    Layne Butler ("Butler") (collectively "plaintiffs").

9

10   Ashley makes this Motion pursuant to Federal Rules of Civil Procedure
11   12(b)(6) and 12(f), on the grounds that the First Claim for Relief fails to state a
12   claim upon which relief may be granted and contains matter that is immaterial and
13   impertinent.  Ashley moves to dismiss the first claim for relief to the extent that it
14   purports to be based on an alleged violation of New York General Business Law
15   ("GBL") § 520-a.  There is no private right of action for violation of GBL § 520-a.
16   Accordingly, the First Claim for Relief fails to state a claim as a matter of law.  If
17   this Court dismisses the claim to the extent that it alleges a violation of GBL § 520-
18   a, this Court should also strike all references to "debit card(s)" in the complaint.

19

20   Ashley also moves to dismiss the first claim for relief to the extent that it
21   purports to be based on the use of a debit card in alleged violation of the Song-
22   Beverly Credit Card Act, California Civil Code § 1747.08 ("Song-Beverly" or
23   "section 1747.08").  An alleged request for personal identification information
24   during a debit card transaction cannot form the basis for an alleged violation of
25   Song-Beverly.  Accordingly, the First Claim for Relief fails to state a claim as a
26   matter of law.  If the Court dismisses the § 1747.08 claim to the extent that it is
27   based on debit card transactions, this Court should also strike the reference to "debit
28   card" in plaintiffs' California subclass allegation in ¶ 19(A), p. 6:20.

-1-

1  Further, Ashley moves to dismiss or strike plaintiffs' claim for injunctive
2  relief contained in paragraph 3 of its Prayer for Relief.  Injunctive relief is not
3  available to plaintiffs as a matter of law, based on an alleged violation of Song-
4  Beverly.
5
6  Finally, Ashley moves to strike the reference to a "nationwide" class
7  contained in paragraph 18 of the Complaint.  There can be no nationwide class
8  certified in this case, based on alleged violations of a New York statute and a
9  California statute.  Further, plaintiffs only seek to certify a California subclass and a
10 New York subclass.  The reference to a "nationwide" class is immaterial and
11 impertinent to their claims.
12
13 This Motion is based upon this Notice of Motion and Motion, the attached
14 Memorandum of Points and Authorities, all other pleadings, papers, records, and
15 documentary materials on file or deemed to be on file in this action, those matters of
16 which this Court may take judicial notice, and upon the oral arguments of counsel
17 made at the hearing (should one be held) on this Motion.
18
19 Dated:  December 2, 2013
20
　　　　　　　　SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
21 　　　　　　　　PHILLIP A. DAVIS
　　　　　　　　JOHN C. DINEEN
22 　　　　　　　　ROBIN A. ACHEN
23
　　　　　　　　By      *s/ John C. Dineen*
24 　　　　　　　　　　　　JOHN C. DINEEN
25
　　　　　　　　Attorneys for Defendant
26 　　　　　　　　ASHLEY FURNITURE INDUSTRIES, INC.
　　　　　　　　Email: jdineen@sheppardmullin.com
27
28