# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY JOHNSON and LAYNE BUTLER, on behalf of a class of similarly situated individuals and themselves individually,<br>　　　　　Plaintiffs,<br>　　vs.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation; and DOES 1 through 25, inclusive,<br>　　　　　Defendants. | Case No. 13-CV-2445-BTM-DHB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS & DENYING MOTION TO STRIKE** |

Defendant Ashley Furniture Industries, Inc. ("Defendant") has filed a Motion to Dismiss (Doc. 5) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure as well as a Motion to Strike immaterial references pursuant to Rule 12(f). For the reasons set forth herein, the Court **GRANTS** Defendant's Motion to Dismiss, and **DENIES** Defendant's Motion to Strike.

//

//

//

# I. **BACKGROUND**[1]

Ashley Furniture Industries, Inc. is a Wisconsin corporation that maintains retail furniture stores and conducts business across the country.  ¶8.  In March 2013, Plaintiff Perry Johnson visited the Ashley Furniture store located in San Marcos, California, where he purchased products from Defendant.  ¶14.  In October 2013, Plaintiff Layne Butler visited the Ashley Furniture store located in Syracuse, New York, where he purchased products from Defendant.  ¶14.  Plaintiffs entered the respective Ashley Furniture stores and chose to pay for their selected merchandise using their credit card or debit card.  ¶15.  Upon presenting their credit or debit card as payment, Defendant's employee asked each plaintiff for personal identification information in the form of their telephone number, address, or zip code.  ¶15.  Believing they were required to provide the requested information to complete the transaction, Plaintiffs provided the requested information.  ¶15.  Defendant's employee then recorded Plaintiffs' personal identification information in their point of sale system and completed the transaction.  ¶15.

Representative and individual Plaintiffs Perry Johnson, a resident of Orange County, California, and Layne Butler, a resident of Onondaga County, New York, brought this putative class action on behalf of all persons in California and New York from whom Defendant requested, obtained, and recorded personal identification information in conjunction with credit card and debit card transactions.  ¶6.  Plaintiffs assert claims under the Song-Beverly Credit Card Act (Civil Code 1747.08, *et seq.*) and N.Y. GEN. BUS. LAW §520-a(3).

Plaintiffs allege two subclasses: 1) a California subclass, consisting of all individuals who reside in the State of California from whom Defendant obtained and

---

[1] Unless otherwise noted, all facts herein are taken from the Complaint (Doc. 1) and all "¶" citations are references to paragraphs of the Complaint.  For purposes of the motion to dismiss, the Court accepts as true the allegations of the Complaint.  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976).  All references to a "Rule" refer to the Federal Rules of Civil Procedure.

recorded personal identification information in conjunction with a credit card or debit card transaction during the one year time period preceding the filing of this lawsuit, and 2) a New York subclass, consisting of all individuals who reside in the State of New York from whom Defendant obtained and recorded personal identification information in conjunction with a credit card or debit card transaction during the one year time period preceding the filing of this lawsuit.  ¶19.

## II.  DISCUSSION

### A.   Requests For Judicial Notice

As a preliminary matter, Plaintiffs ask the Court to take judicial notice of seven exhibits.  (Doc. 11.)  Exhibits 1 through 3 are purportedly class action complaints filed in federal district courts asserting rights under similar consumer protection statutes.  Rule 201(b) of the Federal Rules of Evidence provides an avenue for the Court to take judicial notice of reasonably indisputable adjudicative facts.  It is not typically a mechanism for acknowledging the content of filings in other proceedings, however.  M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").  Since Plaintiffs have not established a direct relationship between those proceedings and this one, the Court declines to take notice of these exhibits.

Exhibits 4 through 7 are Congressional Research Service reports.  The Court takes notice of these publications, but makes no findings as to assertions therein.  See e.g., Experian Information Solutions, Inc. v. Lifelock, Inc., 633 F. Supp. 2d 1104 (C.D. Cal. 2009) (taking notice of Congressional report).

13-cv-2445-BTM-DHB

**B.      Motion to Dismiss Plaintiffs' New York Claim**

N.Y. GEN. BUS. LAW §520-a prohibits retailers from acquiring the personal identification information of customers who use a credit or debit card during a business transaction. The statute provides, in pertinent part:

> (3) No … corporation which accepts credit or debit cards for the transaction of business shall require the credit or debit card holder to write on the credit or debit card transaction form, nor shall it write or cause to be written on such form or on any attachment thereto, any personal identification information, including but not limited to the credit or debit card holder's address or telephone number, that is not required by the credit or debit card issuer to complete the credit or debit card transaction[.]
>
> …
>
> (5) A violation of subdivision two, three or four of this section, if such violation constitutes the first offense by such person shall be punishable by a civil fine not to exceed two hundred fifty dollars. The second offense and any offense committed thereafter shall be punishable by a civil fine not to exceed one thousand dollars.
>
> (6) Whenever there shall be a violation of this section an application may be made by the attorney general in the name of the people of the state of New York to a court … to issue an injunction… [A]n injunction may be issued by the court or justice, enjoining and restraining any further violations, without requiring proof that any person has, in fact, been injured or damaged thereby. In any such proceeding, the court may make allowances to the attorney general as provided in paragraph six of subdivision (a) of section eighty-three hundred three of the civil practice law and rules, and direct restitution.

Plaintiffs, on behalf of all others similarly situated in the State of New York, allege that Defendant has violated N.Y. GEN. BUS. LAW § 520-a by collecting credit and debit card holders' personal identification information during credit and debit card transactions at its Ashley Furniture retail store in Syracuse, New York, and other Ashley Furniture retail locations in the state of New York.  (Compl. ¶¶6, 16.) Defendant moves to dismiss, arguing (1) that class actions asserting N.Y. GEN. BUS. LAW § 520 claims are procedurally barred by N.Y. C.P.L.R. 901(b), and (2) that no

1  private right of action exists under N.Y. GEN. BUS. LAW §520-a(3) because

2  enforcement of the statute is exclusively held by the New York Attorney General.

3      1.  <u>Plaintiffs' Class Action Claim Is Not Barred By N.Y. C.P.L.R. 901(b)</u>

4      N.Y. C.P.L.R. 901(b) generally prohibits class actions seeking recovery of a

5  "penalty or minimum measure of recovery created or imposed by statute" unless the

6  statute specifically authorizes class recovery.  N.Y. GEN. BUS. LAW § 520-a does not

7  specifically authorize recovery for a class action plaintiff.  Several New York courts

8  have regarded N.Y. C.P.L.R. 901(b) to apply in situations where statutes provide for

9  a punitive statutory remedy or impose a minimum recovery.  <u>See, e.g.,</u> <u>Klapak v.</u>

10  <u>Pappas</u>, 433 N.Y.S.2d 500 (1980); <u>Carter v. Frito-Lay, Inc.</u>, 425 N.Y.S.2d 115

11  (1980).

12      Since N.Y. GEN. BUS. LAW §520-a(5) imposes civil fines for violations under

13  the statute and Plaintiffs seek to recover such fines, their class action would typically

14  be barred by N.Y. C.P.L.R. 901(b).  However, N.Y. C.P.L.R. 901(b)'s class action

15  limitation directly conflicts with Rule 23, which allows class actions to be brought

16  when: (1) the class is so numerous that joinder of all members is impracticable; (2)

17  there are questions of law or fact common to the class; (3) the claims or defenses of

18  the representative parties are typical of the claims or defenses of the class; and (4) the

19  representative parties will fairly and adequately protect the interests of the class.

20  Under the *Erie* doctrine, such limitations on class actions are procedural in nature

21  because they affect only how claims are processed, not the substantive rights of

22  litigants.  <u>In re Hydroxycut Mktg. & Sales Practices Litig.</u>, 299 F.R.D. 648, 653-54

23  (S.D. Cal. 2014) (citing <u>Shady Grove Orthopedic Ass'n v. Allstate Ins. Co.</u>, 559 U.S.

24  393 (2010)).  The Court accordingly finds that N.Y.C.P.L.R. 901(b) is inapplicable

25  and does not preclude this putative class action.

26      2.  <u>N.Y. GEN. BUS. LAW § 520-a Provides No Private Right of Action</u>

27      N.Y. GEN. BUS. LAW §520-a(5) provides that a violation of subdivision (3)

28  shall be "punishable" by a civil "fine" not to exceed $250 for the first offense, and a

civil "fine" not to exceed $1,000 for a second or subsequent offenses.  Section 520-a(6) provides that when there is a violation of  § 520-a,  the attorney general may make an application, in the name of the people of the state of New York, for an injunction that enjoins and restrains further violations.

The parties agree that N.Y. GEN. BUS. LAW §520-a does not expressly grant a private right of action to remedy violations of subdivision (3).  (Def.'s Mot. 8; Pls.' Opp'n 6.)  In the absence of an express private right of action, "[t]he judicial task is to interpret the statute … to determine whether it displays an intent to create not just a private right but also a private remedy.  Statutory intent on this latter point is determinative.  Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001) (internal citations omitted).  When a statute does not expressly create a private right of action, the court may imply a private right of action upon examining three essential factors: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether the creation of such a right would be consistent with the legislative scheme. Schlessinger v. Valspar Corp., 817 F. Supp. 2d 100, 104 (E.D.N.Y. 2011); Negrin v. Norwest Mortgage, 700 N.Y.S.2d 184, 187 (N.Y. App. Div. 1999).

Defendant does not dispute that the putative plaintiffs would be within the group of persons for whose benefit N.Y. GEN. BUS. LAW §520-a was enacted. (Reply ¶5.)  The first factor is therefore satisfied.

With regard to the second factor, the Court disagrees with Defendant's argument that an implied private right of action would be inconsistent with N.Y. GEN. BUS. LAW §520-a's legislative purpose.  The legislature's goal in enacting N.Y. GEN.

//

//

BUS. LAW §520-a was "to reduce the incidence of identity theft and credit card fraud." Assembly Bill 5150 (N.Y. 2003 Reg. Sess.)  Implying a private right of action for the unlawful acquisition and recordation of consumers' personal identification information would be consistent with the statute's goal to reduce identity theft, and would indeed support and bolster this purpose.

Upon analysis of the third factor, however, the Court finds that an implied private right of action under N.Y. GEN. BUS. LAW §520-a would be inconsistent with the legislative scheme.  "Regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some aspect of the overall statutory scheme." Sheehy v. Big Flats Community Day, 73 N.Y. 2d 629, 634-35 (1989).  Thus, the Court must look to the enforcement mechanism set forth in the statute.

Plaintiffs argue that the attorney general's authority is limited to seeking injunctive relief under subdivision (6).  The Court disagrees.  Although subdivision (5) does not explicitly state who is to collect the civil penalties, the Court finds it significant that subdivision (5) uses the term "fine," which has the connotation of a pecuniary punishment collected by the government.   The Court reads the statute as authorizing the Attorney General to pursue equitable relief in addition to collecting civil penalties.

The Court's interpretation is supported by the language of subdivision (4). Subdivision 4(e) sets forth a comprehensive enforcement schedule for issuing warnings and collecting civil penalties under the statute.  Although this schedule is limited to subdivision 4, it indicates that the Legislature intended for the government to enforce the statute in its entirety, including the collection of civil penalties for violations.  See People ex. Rel. Standard Oil Co. of N.Y. v. Saxe, 179 A.D. 721, 725 (N.Y. App. Div. 1917) ("Statutes consisting of several parts relating to a common subject must be read as whole and construed together.").

13-cv-2445-BTM-DHB

Furthermore, it is significant that other sections of New York's General Business Law expressly provide for a private right of action.  For example, in 1980, the New York Legislature amended its consumer protection act, N.Y. GEN. BUS. LAW § 349(h), to expressly provide for a private right of action.  New York courts have pointed to the Legislature's express creation of a private right of action in § 349(h) as support for not implying a private right of action in other parts of the General Business Law.  See., e.g., Varela v. Investors Ins. Holding Corp., 81 N.Y. 2d 958, 961 (N.Y. 1993)  (finding no private right of action under article 29-H of the General Business Law); Goldman v. Simon Prop. Group, Inc., 58 A.D. 3d 208, 217-18 (N.Y. App. Div. 2008) (declining to recognize a private right of action under General Business Law § 396-i).  Recently, a judge in this District used this same reasoning to dismiss claims brought under §520-a(3):  "Thus, while legislative intent creates a right in favor of consumers, it does not create a private remedy, as evidenced by the statute's plain language, the absence of judicial authority allowing such, and the fact that the legislature has explicitly created a private remedy in similar consumer protection statutes but refrained from doing so in §520-a."  Steadman v. Bassett Furniture, 13cv308 JAH(RBB), Order on Defendant's Motions to Dismiss [Doc. No. 27] at 12.

Since N.Y. GEN. BUS. LAW §520-a(5) and (6) expressly set forth the method of enforcement to prevent the unlawful collection of personal identification information, implying a private right of action would be inconsistent with the current legislative scheme. Therefore, the Court holds that no implied private right of action exists under N.Y. GEN. BUS. LAW §520-a.

Plaintiffs' New York claim is accordingly **DISMISSED** with prejudice.

**C.**   **Motion to Dismiss Plaintiffs' California Claim as to Debit Cards**

The Song-Beverly Credit Card Act ("SBCCA"), Cal. Civ. Code §§ 1747 et. seq., prohibits retailers from acquiring the personal identification information of

customers who use a credit card during a business transaction.  California Civil Code § 1747.08 ("Requiring identification information as a condition of acceptance") provides, in pertinent part:

> (a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:
>
> (1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.
>
> (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
>
> (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.
>
> (b) For purposes of this section "personal identification information," means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number.

"Credit card," for purposes of the SBCCA, is defined as follows:

> "Credit card" means any card, plate, coupon book, or other single credit device existing for the purpose of being used from time to time upon presentation to obtain money, property, labor, or services on credit.

Cal. Civ. Code § 1747.02(a).

Defendant moves to dismiss the California claims to the extent that "debit card" transactions are alleged as part of the cause of action for violation of the SBCCA, arguing that violations involving "debit cards" are not actionable under the SBCCA.  Although the term "debit card" is not found in § 1747.08, Plaintiffs argue that debit card transactions, especially when used as a credit card, entail the use of

- 9 -

credit and are the functional equivalent of credit card transactions for purposes of §1747.08.  Plaintiffs also argue that  §1747.08 must be accorded a liberal construction to protect consumers given that debit cards are the most widely and frequently used method of payment and identity theft and fraud are rampant.

The goal of the court in construing a statute is "to determine and give effect to the intent of the enacting legislative body." <u>People v. Braxton</u>, 34 Cal. 4th 798, 810 (2004).  To do this, "[w]e first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent.  The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context.  If the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls." <u>Fitch v. Select Products Co. </u>, 36 Cal.4th 812, 818 (2005) (internal quotation marks and citations omitted).

Here, under the plain meaning of §1747.08, the statute does not extend to debit card transactions.  It is common knowledge that credit cards, which offer a line of credit and allow the consumer to pay for purchases at a later date, are different from debit cards, which are linked to the consumer's bank account and cause money to be deducted from the account.  Even in ordinary usage, the terms "credit card" and "debit card" have distinct meanings.  Debit cards do not fall within § 1747.02(a)'s definition of "credit card," because debit cards are not **for the purpose** of obtaining goods or services **on credit**, even if, as Plaintiffs claim, some form of credit may sometimes be extended at the point of sale until funds are deducted from the cardholder's account by the issuer.

The Court is not persuaded by Plaintiffs' argument that construing §1747.08 to cover debit card transactions is consistent with legislative intent and purpose.  The California Legislature is aware of debit cards, as evidenced by the fact that §1747.09, also part of the SBCCA (Title 1.3), was amended in 2005 to **expressly provide that its protections extend to debit cards as well as credit cards**.  <u>See</u> Def. Request for

13-cv-2445-BTM-DHB

Judicial Notice, Ex. A.  The Legislature could have amended §1747.08 to extend to debit card transactions as well.  However, the Legislature has not done so.

The plain, unambiguous language of the statute controls.  Therefore, the Court grants Defendant's motion to dismiss the first claim for relief.

**D.     Motion to Dismiss Claim for Injunctive Relief**

Defendant moves to dismiss Plaintiffs' claim for injunctive relief under the SBBCA.  The Court agrees that only the Attorney General may seek injunctive relief under the SBCCA.  See Cal. Civ. Code § 1747.08(f).  Moreover, Plaintiff has not opposed the motion.  The Court accordingly grants Defendant's motion to dismiss Plaintiffs' injunctive relief claim.

**E.     Motion to Strike**

Defendant has also brought a motion to strike references to "debit card," and references to a "nationwide" class.  The Court has already granted the motion to dismiss Plaintiffs' claim under the SBBCA to the extent that it is based on debit card transactions.  Therefore, it is not necessary or proper to strike the Complaint.  See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (holding that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law).  As for the Complaint's references to a "nationwide" class, the Court is not convinced that those references constitute an "insufficient defense" or are "redundant," "immaterial," "impertinent," or "scandalous."  See Whittlestone, 618 F.3d at 974.   Therefore, the Court declines to strike the references to a "nationwide" class.  Defendant can challenge the character and scope of the class at the class certification stage of proceedings.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.  <u>CONCLUSION</u>

For the reasons stated above, Ashley Furniture Industries, Inc.'s Motion to Dismiss is **GRANTED**.  The Court **DISMISSES** Plaintiffs' N.Y. Gen. Bus. Law §520-a claim, Plaintiffs' claim that Defendant violated  Cal. Civ. Code § 1747.08 during debit card transactions, and  Plaintiffs' claim for injunctive relief for violations of Cal. Civ. Code § 1747.08.  Defendant shall file an answer within twenty days of the entry of this Order.

**IT IS SO ORDERED.**

DATED:      November 4, 2014

Hon. Barry Ted Moskowitz, Chief Judge
United States District Court