1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY JOHNSON and LAYNE BUTLER, on behalf of a class of similarly situated individuals, and themselves individually,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., Wisconsin Corporation; and Does 1 through 25, inclusive,<br><br>　　　　　　Defendants. | Case No. 13-CV-2445-BTM (DHB)<br><br><u>CLASS ACTION</u><br><br>**JUDGMENT AND FINAL ORDER APPROVING CLASS SETTLEMENT**<br><br><br>Date:  March 7, 2016<br>Time: 10:00 a.m.<br>Ctrm.: 15B, 15th Fl.<br>Judge: Hon. Barry T Moskowitz |

Plaintiff in the above-captioned action has submitted an unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). On March 7, 2016, this Court held a Fairness Hearing regarding the proposed settlement that is the subject of the Motion for Final Approval. The Court has reviewed the papers submitted, including the Motion for Final Approval, Motion for Award of Attorneys' Fees, Costs and Incentive Award, Declaration of Jay Geraci, and supporting papers and the class action Settlement Agreement and Release ("Settlement Agreement").

///

Upon consideration of the papers submitted and arguments made at the hearing on the Motion for Final Approval, the Court fines good cause to GRANT the Motion.

**THE COURT FINDS AS FOLLOWS:**

1. The settlement agreement is fair, reasonable, and adequate.

2. The parties have to date adequately performed their obligations under the Settlement agreement.

3. Defendants, Ashley Furniture Industries, Inc. ("AFI"); Ashley HomeStores Limited ("AHS"); Southwestern Furniture of Wisconsin LLC ("Southwestern"); Stoneledge Furniture LLC ("Stoneledge"); Del Monte Furniture Rental, Inc.; Empty Heads, Inc.; Dobbs TV and Appliance Limited Partnership; MPB Furniture Corporation; Santa Maria Décor, Inc..; River Rock Interiors, Inc.; Sang Kim, Corp.; Saki Trans, Inc.; Visalia Sang Kim, Corp.; Fairfield Furniture Solutions, Inc.; Rohnert Park Furniture Solutions, Inc.; Fremont Furniture Solutions, Inc.; Concord Furniture Solutions, Inc.; and Oakland Furniture Solutions, Inc. (collectively "Defendants") provided notice to settlement class members in compliance with section 5.2 of the Settlement Agreement, due process, and Federal Rule of Civil Procedure 23. The notice (a) fully and accurately informed settlement class members about the lawsuit and proposed settlement; (b) provided sufficient information so that settlement class members were able to decide whether to accept the benefit offered, opt out and pursue their own remedies, or object to the proposed settlement; (c) provided procedures for settlement class members to file written objections to the proposed Settlement, appear at the fairness hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the fairness hearing.

4. An award of $140,000 in attorneys' fees and cost to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts and prosecuting and resolving this action, and the benefit obtained for

the settlement class.

5. An incentive award to the class representative of $5,000 is fair and reasonable in light of the time and effort spent by the class representative in litigating and resolving this action on behalf of the Settlement Class.

**THE COURT ORDERS AS FOLLOWS:**

1. **Settlement Class Members**. The settlement class is defined as follows:

> All Ashley Furniture HomeStore customers who were requested or required to provide, and did provide and had recorded, their personal identification information (which includes, but is not limited to, a customer's address, ZIP code, telephone number, and/or email address), during a credit card transaction at a Ashley Furniture HomeStore in California between October 10, 2012 and the Preliminary Approval Date, and who took all of their purchases with them at the conclusion of the transaction."[1]

2. **Binding Effect of Order**. This order applies to all claims or causes of action settled under the Settlement Agreement. This order binds all class members, including those who did not properly submit a Request for Exclusion pursuant to this Court's Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification. This Order does not bind persons who filed timely and valid Requests for Exclusion, as identified in exhibit E to the declaration of Jay Geraci.

---

[1] Class Members do not include (a) AFI, AHS, Southwestern, Stoneledge, Del Monte Furniture Rental, Inc., Empty Heads, Inc., Dobbs TV and Appliance Limited Partnership, MPB Furniture Corporation, Santa Maria Décor, Inc., River Rock Interiors, Inc., Sang Kim, Corp., Saki Trans, Inc., Visalia Sang Kim, Corp., Fairfield Furniture Solutions, Inc., Rohnert Park Furniture Solutions, Inc., Fremont Furniture Solutions, Inc., Concord Furniture Solutions, Inc., and Oakland Furniture Solutions, Inc., and their respective parents, subsidiaries, affiliates, and control persons, as well as officers, directors, agents, attorneys, employees, and immediate family members of all such persons, and (b) the Court and its staff. Further, pursuant to 28 U.S.C. § 455(b)(5)(iii), any judge of the United States shall disqualify himself if he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding. The Court amends the Settlement Class definition to exclude such individuals as well.

3. **Release**. Plaintiff and Settlement Class Members who did not properly request exclusion are (a) deemed to have released and discharged Defendants from all claims arising out of or relating to any act omission or other conduct alleged in the action, including all claims released under the settlement agreement; and be barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the Release described herein are set forth in sections 6.1 through 6.3 of the Settlement Agreement.

4. **Class Relief**. Defendant shall distribute the settlement award as provided in section 4.3 of the Settlement Agreement.

5. **Attorneys' Fees and Costs**. Class counsel is awarded $140,000 in fees and costs. Defendant shall pay this amount within fifteen (15) calendar days of the Effective Date (as defined in the Settlement Agreement) to Fineman Poliner, which shall have responsibility for distributing and apportioning it between other class counsel.

6. **Class Representative Incentive Award**. The representative is awarded $5,000 as an incentive award. Defendant shall pay this amount within fifteen (15) calendar days of the Effective Date (as defined in the Settlement Agreement).

7. **Courts Jurisdiction**. The Court will retain jurisdiction over this action and the parties until final performance of the settlement agreement.

**IT IS SO ORDERED.**

Dated: March 8, 2016

_____
HON. BARRY T. MOSKOWITZ,
CHIEF JUDGE UNITED STATES
DISTRICT COURT